ROBERTSON *v.* GRIFFIN.

5-1270 302 S. W. 2d 773

Opinion delivered June 10, 1957.

*T. O. Abbott,* for appellant.

*Mahony & Yocum, S. E. Gilliam, A. D. Pope,* and *Melvin E. Mayfield,* for appellee.

, CARLETON HARRIS, Chief Justice. G. L. Robertson, now deceased, was, on May 29, 1920, the owner in fee simple of certain lands situated in Union County. On said date, Robertson, and his wife, Nanna Robertson, appellant herein, executed to J. D. Trimble, trustee, two deeds of trust, covering said lands, to secure an indebtedness of $3,450 plus interest. On April 20, 1922, Robertson and his said wife, executed and delivered to J. O. Kinard, a mineral deed conveying to the grantee an undivided one-half interest in the mineral rights to a portion of said lands; likewise, on May 11, 1922, Robertson and wife executed to John A. Cobb an undivided one-half interest in the mineral rights of other portions; likewise, on June 14, 1922, Robertson and wife executed a similar deed to A. G. Griffin. At all times heretofore mentioned, Nanna Robertson had only an inchoate dower interest in said lands, though she joined as a granting party in the granting clause and as a warranting party in the clause warranting the title. Subsequent thereto, G. L. Robertson died, and Nanna Robertson was appointed executrix of the estate. Suit was instituted by the mortgagee and trustee to foreclose the mortgages heretofore mentioned, and same were foreclosed under decree dated January 10, 1925. None of the claimants under the mineral deeds were made parties to the foreclosure suit or were served with summons, and none intervened in said suit. On February 24, 1925, the Commissioner in Chancery sold the lands at public sale to H. V. Betts, trustee. Betts conveyed the lands to George M. LeCroy,[1] on May 15, 1925, and on the same date, LeCroy and wife conveyed an undivided one-third interest in the lands to Mattie Robertson, a child of the deceased G. L. Robertson and Nanna Robertson; and conveyed to appellant an undivided two-thirds interest in said lands. Mattie Robertson later conveyed her one-third interest to one Decimus Cates.[2] Appellant and others instituted suit in the Chancery Court against ap-

---

[1] LeCroy represented appellant in the foreclosure action.

[2] Cates was a party plaintiff in this cause, and the court upheld his one-third interest in said lands, cancelling said mineral deeds insofar as they affected his interest. No appeal has been taken therefrom.

pellees,[3] setting up that the various mineral owners had not redeemed from the foreclosure sale, that such right of redemption was then barred, and asking that title to the mineral rights in the above lands be quieted and confirmed as against appellees. The Chancellor held that the after-acquired title of Nanna Robertson inured to the benefit of Cobb, Kinard and Griffin, and those holding title under and through them, and entered a decree confirming title to the mineral interests involved, in appellees. From such holding comes this appeal.

For reversal, appellant urges that the court erred in failing to consider the complaint amended to conform to the proof made in the case, under which proof she contends the Court should have reformed the three mineral deeds executed by Robertson and appellant, to show the true intention of the parties (claiming that it was only the intent of appellant to release and relinquish to said grantees the only interest she then owned, her inchoate dower interest). Appellant further contends that the trial court erred in holding that the law of after-acquired title applies to her since she only owned a dower interest at the time of the execution of the conveyance.

Section 50-404, Ark. Stats. (1947) Anno., provides as follows:

"If any person shall convey any real estate by deed purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterwards acquire the same, the legal or equitable estate afterwards acquired, shall immediately pass to the grantee, and such conveyance shall be as valid as if such legal or equitable estate had been in the grantor at the time of the conveyance."

This statute has been upheld in numerous cases by this Court. *Sheppard* v. *Zeppa, Trustee,* 199 Ark. 1, 133 S. W. 2d 860. *Hayes* v. *Coats,* 218 Ark. 678, 238 S. W. 2d 935. It is therefore clear that appellant cannot pre-

---

[3] Appellees had acquired their mineral rights either by direct or mesne conveyance from the grantees of Robertson and appellant.

vail unless the deeds are reformed so as to eliminate her as a grantor. Appellant testified that at the time of executing the mineral deeds, she claimed no interest in the property and signed the deeds purely because her husband asked her to. There is no evidence that fraud was practiced upon appellant, nor evidence of any questionable conduct on the part of either appellant's husband or the grantees. When asked as to whether or not she remembered signing the deeds, appellant testified:

"A. I certainly do, but at the time I figured he[4] would make me a living and I did not even question him.

Q. You just signed because he asked you to?

A. That's right."

Certainly this is not evidence of a mutual mistake; and this Court has held that to reform a written instrument upon the grounds of mistake, it must be shown that the mistake was mutual. *Kromray* v. *Stobaugh,* 212 Ark. 377, 206 S. W. 2d 171. Accordingly, no grounds for reforming the deeds have been established. It might also be stated that while this complaint was filed in 1941, and the decree entered in 1956, no pleading was ever filed in the trial court asking for reformation of the deeds, and this relief is sought for the first time here on appeal.

Finding no error, the cause is affirmed.

---

[4] Referring to her husband.